ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT

2006 DEC 15  P 12: 39

CLERK_____
SO. DIST. OF GA.

| | | |
|---|---|---|
| ROSALIND RENEE COULOOTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CV 106-165 |
| v. | ) | |
| | ) | |
| V.A. HOSPITAL OF AUGUSTA, G.A., | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed the above captioned case on November 6, 2006, ostensibly claiming that her rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") were violated by Defendant. She is proceeding *pro se* and *in forma pauperis* ("IFP"). Because Plaintiff is proceeding *pro se*, the Court gave her an opportunity to amend her original complaint to cure pleading deficiencies. (Doc. no. 3). Plaintiff filed an amended complaint within the fifteen (15) day time period set forth by the Court. (Doc. no. 4). As Plaintiff's amended complaint was filed IFP, it must be screened to protect potential defendants. See Phillips v. Marshburn, 746 F.2d 782, 785 (11th Cir. 1984). While pleadings drafted by *pro se* litigants are construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

## I. SCREENING OF COMPLAINT

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names the Veterans Affairs ("V.A.") Hospital of Augusta, Georgia, as a defendant. Plaintiff, herself a veteran, was employed as a registered nurse in the Spinal Cord Unit at the V.A. Hospital in Augusta, Georgia, Downtown Division. (See doc. no. 1, pp. 3-4). On July 5, 2006, Plaintiff was admitted to the Psychiatric Ward of the V.A. Hospital in Augusta, Georgia, Uptown Division because she was suffering from depression. (Id. at 3). Plaintiff was scheduled to work at the Downtown Division the next morning, from 12:00 a.m. to 8:00 a.m., and a security guard at the Psychiatric Ward informed Plaintiff's nursing supervisor that Plaintiff had been admitted to the Psychiatric Ward. (Id.). Allegedly the nursing supervisor relayed this information to the charge nurse in Plaintiff's unit, who then spread this information to Plaintiff's co-workers. (Id.).

Plaintiff avers that one of her co-workers, Freddy Dunn, called her at home after she was released from the hospital. (Id.). He stated that he knew she had been admitted to the Psychiatric Ward and considered visiting her during her stay. Plaintiff alleges that she later discovered that Mr. Dunn had accessed her medical information at the V.A. Hospital. Plaintiff further states that a nurse co-worker on the Spinal Cord Unit questioned her about her suicidal behavior and about being the victim of a violent crime. (Id.). Presumably, this co-worker could only have discovered this information by accessing Plaintiff's medical file at the V.A. Hospital or by discussing the matter with someone who had.

On the recommendation of her psychiatrist, Plaintiff was transferred from her nursing position at the Downtown Division to the Uptown Division to avoid further humiliation and

2

to decrease her stress level. (Id.).  However, while Plaintiff was standing in the breakfast line at the Uptown Division, she was approached by a nurse who, in front of a crowd of people, stated, "Hey, didn't I take care of you on the psych-ward?"  Plaintiff states that following this exchange she ran out of the line and felt violated. (Id.).

Plaintiff states that these violations of her privacy rights under the HIPAA exacerbated her depressive condition and resulted in the loss of her nursing career in Augusta, Georgia. (Id. at 3-4).  Plaintiff claims that, as a result of this incident, she will have to relocate to another state and will have to obtain a new nurse's license in this state. (Id. at 4).  She seeks damages for relocation expenses, job search expenses, and therapy resulting from the privacy violations.  She also states that she has incurred damages because her daughter had to interrupt her college education based upon her loss of employment. (Id.).

## II. DISCUSSION

Although Plaintiff states that her privacy rights under the HIPPA were violated, the HIPAA does not provide for a private right of action, as the Court's November 11, 2006 Order explained. (Doc. no. 3, p.1 n.1).  As such, Plaintiff fails to state a claim upon which relief may be granted for alleged violations of the HIPPA.

The Court's November 11, 2006 Order also stated that, based upon the facts alleged, it appeared that Plaintiff *may* have a claim under the Privacy Act, 5 U.S.C. § 552, *et. seq.* (Id. at 3).  However, because Plaintiff failed to name a proper defendant she was given a chance to amend her complaint. (Id.).  Despite the Court's instructions, Plaintiff's amended complaint once again named the V.A. Hospital of Augusta, Georgia, as a defendant.  Consequently, Plaintiff has again failed to name a proper defendant under the Privacy Act.

3

Under the Privacy Act, "no agency shall disclose any record which is contained in a system of records by any means of communication to any person except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be" in conformance with one of the Act's exceptions. 5 U.S.C. § 552(b). "Records," as defined in the Act, include information about an individual that is maintained by an agency, including information regarding medical history. Id. § 552(a)(4). Whenever any agency fails to comply with any provision of the Privacy Act, and this failure has an adverse effect on an individual, "the individual may bring a civil action against the agency." Id. § 552a(g)(1)(D); Perry v. Bureau Of Prisons, 371 F.3d 1304, 1305 (11th Cir. 2004).

The Privacy Act only applies to government "agencies." See 5 U.S.C. § 552(b). "Agency," as defined in the Privacy Act, includes "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of Government (including the Executive office of the President), or any independent regulatory agency." 5 U.S.C. 552a(a)(1) (incorporating 5 U.S.C. § 552(f)). Plaintiff has named the V.A. Hospital of Augusta, Georgia, as the sole defendant in this action. The V.A. Hospital of Augusta, Georgia, is not an "agency" under the Privacy Act even though it is managed by the United States Department of Veterans Affairs which is a government agency. See McLeon v. Dep't of Veterans Affairs, 43 Fed. Appx. 70, 71 (9th Cir. 2002) (Department of Veterans Affairs could be held liable for improperly releasing medical records but private entities could not); NLRB v. USPS, 841

4

F.2d 141, 144 n.3 (6th Cir. 1988) (U.S. Postal Service is an "agency" independently established by the Executive); Parks v. IRS, 618 F.2d 677, 684 (10th Cir. 1980) (U.S. Internal Revenue Service is an "agency"); Perry, 371 F.3d at 1305 (U.S. Bureau of Prisons is an "agency"). Accordingly, Plaintiff fails to states a claim upon which relief may be granted under the Privacy Act against the V.A. Hospital of Augusta, Georgia.

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED.**

SO REPORTED and RECOMMENDED this _15th_ day of December, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

5